**Ritterson v. Hillegass**

*Robert M. Mountenay*, for plaintiff.

*Frank N. Gallagher*, for defendant.

FULLAM, J., April 7, 1964.—This action arises out of the death of a minor child killed in an automobile accident. Recovery is sought on behalf of the child's estate, the survival action, and on behalf of the child's parents, the wrongful death action. Defendant has pleaded a release by the parents which, if valid, would bar their recovery in the wrongful death action, but would not affect the survival action. On behalf of plaintiff, it is admitted that the release was signed by the parents, but it is alleged that the circumstances surrounding the signing of the release, including the mental and emotional condition of the parents and the conduct of the agent for the liability carrier, were such as to render the release invalid.

Defendant has filed a petition asking that the issue of the validity of the release be disposed of separately from the remaining issues in the case. Plaintiff opposes this request, and insists that all of the issues be tried together.

Pennsylvania Rules of Civil Procedure 213(b) provides:

"The court, in furtherance of convenience or to avoid prejudice, may, on its own motion or on motion of any party, order a separate trial of . . . any separate issue, or of any number of . . . issues".

As set forth in Goodrich-Amram Civ. Pract. §213-(b)-5, the granting of such a severance is discretionary

with the court, and the party seeking such severance must show that there is good reason for it.

In Kelly v. McKelvin, 8 D. & C. 2d 739 (1956), the Philadelphia court ordered a separate trial of the issues surrounding the validity of a pleaded release. However, in that case a determination that the release was valid would have disposed of the entire controversy, whereas in the present case a trial on the merits will be necessary in any event. Moreover, the release was pleaded by the plaintiff in the Kelly case: plaintiff alleged a separate cause of action based upon alleged fraud in obtaining the release.

In Passigli v. Lipson, 6 D. & C. 2d 329 (1955), the Lehigh County court refused to grant a separate preliminary trial on the question of whether or not the parties were within the scope of their joint employment at the time of the accident; if they were, it was contended, workmen's compensation would have provided the exclusive remedy. The refusal to sever this issue appears to have been based in part upon the conclusion that a determination of the employment status would not have disposed of the litigation; i.e., that under applicable law plaintiff probably would have a cause of action in tort against his fellow employe in any event. It is to be noted, also, that the question of what the parties were doing and where they were going at the time of the accident is less collateral, and harder to separate from the merits of the controversy, than issues as to the validity of a subsequent release.

In the present case, it is clear that a severance would not accomplish the furtherance of convenience, since a trial of the survival action would be required in any event. The question remains whether the granting of the requested severance would "avoid prejudice." Defendant argues that a single trial in the present case would be extremely prejudicial to defendant, since it would automatically inject the issue of insurance cover-

age and, to make matters worse, charges of improper conduct on the part of an insurance adjuster. Whether there is merit to this contention we need not now decide. An argument can be made that, if the agent did in fact act improperly and take unfair advantage of plaintiffs, defendant should not be permitted to attempt to ratify his acts and obtain the benefit of the release while still concealing from the jury the existence of liability coverage; whereas, if plaintiffs' charges against the agent are unfounded, the prejudice to defendant from the disclosure of insurance coverage would be cancelled out by prejudice against plaintiffs for bringing unfounded charges, and by disclosure of the consideration already paid in the wrongful death action.

Be all that as it may, we believe a severance should be granted in the present case because of the fact that, whichever way the jury might decide the release question, the jury would have heard and could not be expected to disregard, testimony as to the mental and emotional condition of the parents resulting from shock and grief at the loss of their child. Even if the insurance adjuster acted properly, and even if the parents' condition was not such as to invalidate the release, plaintiffs in a single trial would obtain advantages to which they would not be entitled. The appeal to the sympathies of the jury would very likely have an effect upon their determination of the question of liability, and any award for plaintiffs would be based upon an improper measure of damages.

Under these circumstances, we believe the validity of the release should be determined in separate proceedings, before trial of the action itself.

*Order*

And now, April 7, 1964, for the reasons set forth in the foregoing opinion, it is ordered and directed that

all issues relating to the validity of the release pleaded by defendant shall be determined in a separate trial, which shall take place before the trial on the merits of the wrongful death and survival actions.